Drew PEARSON, Plaintiff,

v.

Lloyd WRIGHT, Defendant.

Civ. A. No. 2118.

United States District Court
District of Columbia.

Nov. 8, 1957.

John Donovan, Washington, D. C., for plaintiff.

Roger Robb and Kenneth Wells Parkinson, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

In this action for libel the defendant moves for summary judgment on the ground that an absolute privilege attached to the two statements of which the plaintiff complains. The complaint consists of two counts, each based on one of the two statements to which reference has just been made.

The alleged libelous matter complained of in the first count is a letter from the defendant to the chairman of a subcommittee of a committee of the House of Representatives. The defendant was chairman of a Commission on Government Security. The Chairman of the Government Information Subcommittee of the Committee on Government Operations, of the House of Representatives, sent a communication to the defendant in his official capacity in which certain information was requested which related to matters within the scope of the activities of the commission. The defendant replied to the letter in a formal communication giving to the Chairman of the Congressional Committee the information that had been requested. The alleged defamatory statements are contained in the letter. The Court is of the opinion that absolute privilege attaches to that letter.

The head of a Government agency, or commission, has a right, in fact he has the duty, to respond to a request for information formally made by the Chairman of a Committee, or subcommittee, of the Congress, for the use of that Committee or subcommittee. In view of this circumstance, the Court is of the opinion that absolute privilege attaches to the communication on which the first count of the complaint is based.

The second count of the complaint is based on a statement made by the defendant to the press, popularly known as a press release. The Court is of the opinion that statements to the public—and of course the press is a part of the public—made by the head of a Government agency does not carry absolute privilege, and the Government official making such a statement may be held liable for libel if it contains defamatory statements. The Court, of course, is expressing no opinion as to whether there may be conditional privilege. The Court is of the opinion that its view of this aspect of the matter is sustained by Barr v. Matteo, 100 U.S. App.D.C. 319, 244 F.2d 767. That case involved a statement to the press made by the head of a Government agency. It contained certain defamatory assertions concerning two of the defendants' subordinates, who then brought suit for libel. The case came on for trial before me. Absolute privilege was claimed. I ruled that there was no absolute privilege and submitted the case to the jury on the theory that the statements were not privileged. My reasoning was that it is no part of the duty of a Government official to make statements to the public. It may be desirable for him to do so at times, but it is no part of the functions that are conferred upon him by law, and therefore absolute privilege does not attach. The jury rendered a verdict in favor of the plaintiff, and the judgment was affirmed by the Court of Appeals which held that absolute privilege does not apply.

To be sure, there are a few cases in which absolute privilege was held to attach to public statements made by members of the President's Cabinet. They are in a different category. Accordingly, it is the view of this Court that absolute privilege does not attach to the statement contained in the second count of the complaint.

Accordingly, the Court will grant the defendant's motion for summary judgment as to count 1, and deny it as to count 2.